UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNMARIE GORDON,

              Plaintiff,

    v.

PIERCE COUNTY, *et al.*,

              Defendants.

CASE NO. 3:22-cv-05139-RJB

ORDER TO SHOW CAUSE OR
AMEND

This matter is before the Court on the District Court's referral of plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkts. 1, 4.

Plaintiff's proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915(e)(2), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. It appears that plaintiff's action arises out of an incident in January 2022, in which she was arrested for trespass at a hotel. However, plaintiff's proposed complaint contains hardly any allegations to support a viable claim. Her proposed complaint does not state what actions the named defendants allegedly did that caused her harm. Plaintiff

1  also does not state whether she was charged or convicted as a result of the arrest, which may

2  preclude her from maintaining this action. Thus, the Court concludes that plaintiff has failed to

3  state a claim upon which relief can be granted.

4      The Court will grant plaintiff an opportunity to amend her proposed complaint to correct

5  the deficiencies set forth herein. If plaintiff chooses to amend her proposed complaint, she must

6  file her amended proposed complaint on or before **May 6, 2022**. Failure to do so or to comply

7  with this order will result in the denial of her motion to proceed IFP and may result in the

8  dismissal of this matter without prejudice, unless she pays the filing fee.

9      The Court declines to rule on her IFP motion at this time. Instead, the Clerk shall renote

10  the motion for the Court's consideration on May 6, 2022.

**BACKGROUND**

12      Plaintiff initiated this action in March 2022, when she filed a motion for leave to proceed

13  IFP. *See* Dkts. 1, 4. In her proposed complaint, plaintiff names "City of Pierce County" and

14  Holiday Inn Express as defendants. Dkt. 1-1 at 1–2. Plaintiff alleges that "[p]olice arrested [her]

15  "when no arrest was warranted." *Id.* at 6. Plaintiff's proposed complaint contains minimal facts

16  regarding her arrest. She alleges that "[a] hotel stay was extended" and that she was arrested for

17  trespassing even though "there was no such thing." *Id.* She claims she was handcuffed, "stayed

18  in jail," and "[t]reated as a criminal." *Id.* at 7. Plaintiff seeks $600,000.00 in punitive damages.

19  *Id.*

**DISCUSSION**

21  **I.    Legal Standard**

22      When a plaintiff seeks to proceed IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to

23  dismiss the case "at any time" if the case is "frivolous or malicious" or the complaint "fails to

1   state a claim upon which relief may be granted[.]" To state a claim upon which relief may be

2   granted, a complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint

4   and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Bell Atlantic*

5   *Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When a plaintiff is proceeding *pro se*, the Court

6   must construe the pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

7      Plaintiff's proposed complaint is not specific as to what claims she is attempting to bring

8   or whether the Court has jurisdiction over such claims. Plaintiff alleges that she was arrested

9   "when no arrest was warranted." Dkt. 1-1 at 6. Liberally construing plaintiff's allegations, the

10  most likely source of a right to sue in federal court is 42 U.S.C. § 1983, which the Court has

11  jurisdiction to under 28 U.S.C. § 1343(a)(3).

12     To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about

13  which she complains was committed by a person acting under the color of state law; and (2) the

14  conduct deprived her of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d

15  583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that she suffered a specific injury as

16  a result of the conduct of a particular defendant, and she must allege an affirmative link between

17  the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

18  **I.      Claim against the County**

19     Plaintiff named the "City of Pierce County" as a defendant. Dkt. 1-1 at 1–2. It is unclear

20  whether plaintiff intended to name a specific city in Pierce County or Pierce County, itself, as a

21  defendant. Plaintiff should clarify this if she chooses to file a proposed amended complaint.

22  Nevertheless, plaintiff's proposed complaint fails to state a claim against any public entity.

23

24

1       Although municipalities and local government units are considered persons for § 1983

2  purposes, they are only liable for policies, regulations, and customs adopted and promulgated by

3  that body's officers. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91

4  (1978). To recover, plaintiff must allege facts that an entity's employees or agents acted through

5  an official custom or policy that permits violation of plaintiff's civil rights, or that the entity

6  ratified the unlawful conduct. *Id.*

7       Here, plaintiff does not allege that any policy, regulation, or custom violated her

8  constitutional or statutory right. Besides listing it as a defendant, plaintiff does not allege

9  anything in her proposed complaint linking Pierce County, or any city within, to an alleged

10  constitutional violation. Therefore, plaintiff has failed to state a claim against "City of Pierce

11  County."

12      **II.**    **Claim against Holiday Inn Express**

13       Plaintiff also named Holiday Inn Express as a defendant. *See* Dkt. 1-1 at 2. Even if the

14  Court liberally construed a § 1983 claim against this defendant, her claim would be defective

15  because plaintiff has not alleged facts suggesting that defendant acted under color of state law. In

16  fact, plaintiff did not allege any actions by this defendant.

17       It appears that plaintiff is alleging that she was wrongfully arrested for trespassing during

18  her hotel stay. *See* Dkt. 1-1 at 6. Based on these allegations, it may be that someone at the hotel

19  called the police to remove plaintiff from the property. But "merely complaining to the police

20  does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155

21  (9th Cir. 1989) (citations omitted). In certain situations, "[a]ction taken by private individuals

22  may be 'under color of state law' where there is 'significant' state involvement in the action."

23  *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (citations omitted). There are different

24

tests or factors courts use to determine when state action is significant. *See id.* However, plaintiff has not alleged enough facts in her proposed complaint to support a claim under any such theory. Therefore, plaintiff has failed to state a claim against Holiday Inn Express.

### III.    Other Issues

Plaintiff's proposed complaint does not state whether she was charged or convicted as a result of the incident. *See* Dkt. 1-1 at 6. That information is important because a claim for damages that "call[s] into question the lawfulness of conviction or confinement" is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

Also, federal courts generally abstain from interfering with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). Courts do so when: (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). Thus, if plaintiff is pending criminal proceedings related to the arrest, the Court may have to abstain. If plaintiff chooses to amend her proposed complaint, she should clarify whether she was charged or convicted of an offense.

1    Finally, the Court declines to determine whether plaintiff has alleged any state law claims

2    in her proposed complaint because nothing suggests that the Court would have jurisdiction over

3    such claims.

4                        **INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

5    Due to the deficiencies described above, unless plaintiff shows cause or amends the

6    proposed complaint, the Court will deny her application to proceed IFP and plaintiff will have to

7    pay the filing fee or her case may be dismissed. If plaintiff chooses to amend her proposed

8    complaint, she must file her amended proposed complaint on or before **May 6, 2022**.

9    The amended complaint must be legibly rewritten or retyped in its entirety, it should be

10   an original and not a copy, it should contain the same case number, and it may not incorporate

11   any part of the original complaint by reference. The amended complaint will act as a complete

12   substitute for the original complaint, and not as a supplement. Therefore, all facts and causes of

13   action alleged in the original complaint that are not alleged in the amended complaint are

14   waived. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

15   *other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

16   The Clerk is directed to send this Order to plaintiff along with the appropriate forms so

17   that she may file an amended proposed complaint. If plaintiff fails to file an amended proposed

18   complaint or fails to adequately address the issues raised herein on or before **May 6, 2022**, the

19   undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

20   Dated this 8th day of April, 2022.

21

22                                              _____

23                                              J. Richard Creatura
                                                Chief United States Magistrate Judge

24