UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNMARIE GORDON,<br><br>      Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY, *et al.*,<br><br>      Defendants. | CASE NO. 3:22-cv-05139-RJB<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: June 10, 2022 |

This matter is before the Court on referral from the District Court and on plaintiff's application to proceed *in forma pauperis* ("IFP"). Dkt. 1.

The Court provided plaintiff, who is proceeding *pro se*, an opportunity to amend her proposed complaint because it failed to state a claim. *See* Dkt. 5. Plaintiff filed her proposed amended complaint on April 14, 2022. *See* Dkt. 6. However, the amendment proved to be futile because plaintiff's proposed amended complaint again fails to state a claim upon which relief can be granted. Therefore, the Court declines to offer plaintiff another opportunity to amend and

1  recommends that this matter be dismissed without prejudice and that the case be closed. As such,
2  plaintiff's IFP application is denied as moot.

## BACKGROUND

Plaintiff initiated this action in March 2022, when she filed an application to proceed IFP and a proposed complaint. *See* Dkts. 1, 4. On April 8, 2022, after screening plaintiff's proposed complaint, this Court ordered plaintiff to show cause or amend her proposed complaint due to several deficiencies. *See* Dkt. 5. The Court gave plaintiff until May 6, 2022 to file her proposed amended complaint or otherwise respond to the Court's order. *See id.* at 6. Plaintiff filed her proposed amended complaint on April 14, 2022. *See* Dkt. 6.

Plaintiff names Pierce County and the Holiday Inn Express as defendants. *See* Dkt. 6 at 2. It is not clear what plaintiff is alleging in her proposed amended complaint, but it appears she is alleging she was wrongfully arrested for trespassing at the Holiday Inn Express. *See id.* at 6–7. Plaintiff seeks $600,000.00 in punitive damages. *Id.* at 7.

## DISCUSSION

When a plaintiff seeks to proceed IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss the case "at any time" if the case is "frivolous or malicious" or the complaint "fails to state a claim upon which relief may be granted[.]" To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When a plaintiff is proceeding *pro se*, the Court must construe the pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

The Court previously informed plaintiff that to state a claim under § 1983, she must allege facts showing (1) the conduct about which she complains was committed by a person acting under the color of state law; and (2) the conduct deprived her of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant, and she must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Other than generally stating "deprivation of rights," plaintiff does not specify what rights she believes defendants violated. *See* Dkt. 6 at 5. Plaintiff also failed to amend her proposed complaint to cure the deficiencies the Court discussed in its previous order. For example, plaintiff did not allege any facts that Pierce County's employees or agents acted through an official custom or policy that permits violation of plaintiff's civil rights, or that it ratified the unlawful conduct. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). As to Holiday Inn Express, plaintiff again does not allege any facts that this defendant acted under color of state law and the Court previously informed plaintiff that "merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) (citations omitted).

Finally, plaintiff did not clarify whether she was charged or convicted as a result of the incident. The Court directed plaintiff to do so because a claim for damages that "call[s] into question the lawfulness of conviction or confinement" is not cognizable under § 1983, *Heck v. Humphrey*, 512 U.S. 477, 483 (1994), and because federal courts generally abstain from interfering with pending state criminal proceedings, *see Younger v. Harris*, 401 U.S. 37, 53–54 (1971). Plaintiff's proposed complaint is ambiguous in this regard. *See* Dkt. 6 at 5 (stating that

1  there was "no lawful charge," that she needs to know if she has a criminal record, and asks how
2  long she was in jail).

### CONCLUSION

The undersigned recommends that this matter be dismissed without prejudice and denies plaintiff's application to proceed IFP (Dkt. 1) as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 10, 2022**, as noted in the caption. The Clerk is also directed to send a copy of this Report and Recommendation to plaintiff.

Dated this 19th day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge